[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This case is before the court as an accelerated appeal from a September 3, 1997 judgment of the Lucas County Court of Common Pleas, which denied appellant's motion to modify his sentence.
In 1974, appellant was convicted of one count of aggravated robbery in violation of R.C. 2911.01. He was sentenced to a term of not less than six years nor more than twenty-five years of incarceration. He was paroled in 1978.
In 1992, while on parole, appellant was convicted of one count of grand theft, in violation of R.C. 2913.02(A). The trial court sentenced appellant to serve two to five years of incarceration.
Appellant claims he remains incarcerated as a "technical parole violator" although no evidence in the record confirms that claim. On September 2, 1997, appellant filed a motion to modify his sentence. The trial court denied the motion as not well-taken without further explanation and without conducting a hearing on September 3, 1997. On appeal, appellant argues that the trial court should have shortened his sentence under new provisions added by Am.S.B. 2 in 1996 dealing with sexually violent predators.
However, the motion appellant filed in the trial court is really a petition for post-conviction relief. See State v.Kinion (Sept. 30, 1997), Wood App. WD-97-026, unreported. Under R.C. 2953.21(A)(2), a post-conviction relief petition must be filed within one hundred eighty days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal." Persons who were convicted and sentenced before September 21, 1995 had one year from that date to file post-conviction relief petitions, i.e., all such petitions had to be filed before September 21, 1996. See Am.Sub.S.B. 4.
Because appellant's convictions occurred in 1974 and 1982, and he did not file his petition for post-conviction relief until September 2, 1997, his petition for post-conviction relief is untimely. As to a petition which is untimely, R.C. 2953.23(A) provides that the trial court "may not entertain a petition filed after the expiration of the period prescribed in R.C. 2953.21(A) or a second petition for similar relief unless both of the following conditions apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petition asserts a claim based on that right.
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
Appellant's petition was filed long after the September 21, 1996 deadline, and should have been dismissed unless it met the requirements of R.C. 2953.21(A)(1) and (2). While it is not clear whether the trial court denied appellant's petition for post-conviction relief on the merits or because it was filed untimely, it should have proceeded in accordance with R.C.2953.23. As a result, the trial court's judgment denying appellant's petition for post-conviction relief on the merits is void. Nevertheless, the dismissal was proper for want of jurisdiction.
Accordingly, appellant's assignments of error are moot. This appeal is hereby dismissed. Appellant is ordered to pay the costs of this appeal.
APPEAL DISMISSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
JUDGE
 ____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.